IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David L. Bradley, | ) | C/A No. 0:09-1856-TLW-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Warden McKither Bodison, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

David L. Bradley ("Bradley"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment. (Docket Entry 20.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (Docket Entry 22.) Following an extension of time, Bradley filed a response in opposition to the respondent's motion. (Docket Entry 27). This motion is now before the court for a Report and Recommendation. Having carefully considered the parties' submissions and the record in this case, the court finds that Bradley's Petition is untimely.

## BACKGROUND

Bradley was indicted in June 2000 in Berkeley County for armed robbery (00-GS-08-936) and murder (00-GS-08-935). (App. at 199-203; Docket Entry 21-3 at 7-11.) Bradley was represented by George Bishop, Esquire, and on November 13, 2000, pled guilty as charged. (App. at 5-6, Docket Entry 21-1 at 8-9.) The circuit court sentenced Bradley to thirty years' imprisonment for armed robbery and thirty years' imprisonment for murder, both sentences to run concurrently. (App. at 29-30, Docket Entry 21-1 at 33.) Bradley did not file a direct appeal.

On April 26, 2001, Bradley filed a *pro se* application for post-conviction relief ("2001 PCR Action"). (See Bradley v. State of South Carolina, 01-CP-08-828; App. at 31-38, Docket Entry 21-1 at 34-41.) On July 25, 2001, Bradley filed a *pro se* amendment to his application. (App. at 55-60, Docket Entry 21-1 at 58-63.) The State filed a return. (App. at 61-62, 73-77, Docket Entry 21-1 at 64-65, 76-80.)[1] On August 15, 2002, the PCR court held an evidentiary hearing at which Bradley appeared and was represented by James H. Price, III, Esquire. (App. at 78-174, Docket Entry 21-1 at 81 through Docket Entry 21-2 at 69.) By order filed December 9, 2002, the PCR judge denied Bradley's PCR application. (App. at 175-98; Docket Entry 21-2 at 70 through Docket Entry 21-3 at 6.)

In his PCR appeal, Bradley was again represented by James H. Price, III, Esquire, who filed a petition for a writ of certiorari on May 5, 2003. (Docket Entry 21-5.) The State filed a return. (Docket Entry 21-6.) In a letter order dated January 7, 2004, the South Carolina Supreme Court denied Bradley's petition for a writ of certiorari. (Docket Entry 21-7.) The remittitur was issued January 23, 2004. (Docket Entry 21-8.)

After the dismissal of his 2001 PCR Action, Bradley appears to have sent a document to the Respondent entitled "Motion to Vacate Sentence Pursuant to Rule 65 F(1) Remedial Writ and Notice" and dated June 2, 2005. (Docket Entry 21-9.) The Respondent included this document in their return, along with a response letter dated December 29, 2005, in which the Assistant Attorney General informed Bradley that any application for post-conviction relief must be filed with the Clerk of Court. (Docket Entry 21-10.)

---

[1] The court notes that several pages of the return appear to be missing from the Appendix. However, this omission is not material to determining the timeliness of Bradley's federal Petition.

Bradley filed a second PCR application on June 25, 2007 ("2007 PCR Action"). (See Bradley v. State of South Carolina, 07-CP-08-1493, Docket Entry 21-11.) The State filed a return and motion to dismiss on October 16, 2007. (Docket Entry 21-12.) It appears that Bradley amended his PCR application on November 26, 2007, (see Docket Entry 21-13 at 1, Docket Entry 21-14 at 1), although this document is not included in the record submitted to the court. The State filed a supplemental return on January 9, 2008. (Docket Entry 21-13.) On May 19, 2008, the PCR court held an evidentiary hearing at which Bradley was represented by Tommy A. Thomas, Esquire. On June 10, 2008, the court issued an order of dismissal in which it dismissed Bradley's 2007 PCR application as successive. (Docket Entry 21-14.)

Bradley appealed the dismissal and continued to be represented by Tommy A. Thomas, Esquire. (Docket Entry 21-15.) Pursuant to Rule 227(c) of the South Carolina Appellate Court Rules (recently renumbered as Rule 243(c), SCACR), Thomas submitted a response to the court opposing summary dismissal. (Docket Entry 21-16.) On July 10, 2008, the South Carolina Supreme Court dismissed Bradley's appeal. (Docket Entry 21-17.) The remittitur was issued on July 28, 2008.

**FEDERAL HABEAS ISSUES**

Bradley filed the instant Petition for a writ of habeas corpus on July 10, 2009. (Docket Entry 1.) In his Petition, Bradley raises the following issues:

**Ground One:** Ineffective Assistance of Counsel Violation of 6th Amendment of the Constitution
**Supporting Facts:**
[A] Counsel represented Petitioner and co-defendant without notice to the court or the Petitioner until almost time for trial
[B] Counsel withheld information from Petitioner until after his conviction

PJG

[C] Counsel was absent during a critical stage of the trial proceeding waiving rights of the Petitioner without his consent.

(Docket Entry 1 at 5) (errors in original).

## DISCUSSION

**A.       Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the

PJG

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.     **Statute of Limitations**

The respondent argues that Bradley's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Bradley's conviction became final ten days after November 13, 2000, the date of his sentencing, as this was the last date on which he could serve a notice of appeal to the South Carolina appellate courts. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Thus, his conviction became final on November 27, 2000.[2] Accordingly, the limitations period began to run on November 28, 2000 and expired on November 27, 2001, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Bradley filed his first state PCR application on April 26, 2001. At that point, 150 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations

---

[2] Thursday, November 23, 2000 and Friday, November 24, 2000 were state holidays. See S.C. Code § 53-5-10. Therefore, Bradley had until the following Monday, November 27, 2000, to file his direct appeal. See Rule 263(a), SCACR.

was tolled during the pendency of the 2001 PCR Action until January 23, 2004, when the South Carolina Supreme Court issued the remittitur from its order denying Bradley's certiorari petition. At this time, Bradley had 215 days of statutory time remaining, which means that Bradley had until August 25, 2004 to file a timely federal habeas corpus petition.

After the expiration of the federal statutory deadline, it appears that Bradley sent a "Motion to Vacate Sentence" to the respondent on June 2, 2005, accompanied by a letter addressed to the "Clerk of Court for Moncks Corner." (Docket Entry 21-9 at 1.) However, there is no evidence presented in the record that this document was ever properly filed with the court pursuant to 28 U.S.C. § 2244(d)(2). See Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) ("An application is 'filed,' . . . when it is delivered to, and accepted by, the appropriate court officer for placement into the official record."). Thus, it did not toll Bradley's statute of limitations period.

Although Bradley filed a second PCR application on November 26, 2007, this application was filed over three years (1,188 days) after the expiration of the one-year limitations period under § 2244(d)(1)(A). To toll the one-year statute of limitations period governing federal habeas petitions, state PCR proceedings must commence prior to the expiration of the federal statutory period. See 28 U.S.C. § 2244(d). Thus, Bradley's 2007 PCR action did not toll or revive the already expired statute of limitations for filing his federal habeas action.

Bradley's federal Petition was filed on July 10, 2009. Accordingly, Bradley filed his federal habeas Petition well after the one-year statutory limitations period expired on August 25, 2004 pursuant to § 2244(d)(1)(A).

In his response to the respondent's motion for summary judgment, Bradley presents arguments pertaining to the merits of his Petition. However, he does not make any argument in response to the respondent's statute of limitations defense.

## RECOMMENDATION

Based upon the foregoing, the court finds that Bradley's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (Docket Entry 20) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 29, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).