IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| David L. Bradley, | ) | C.A. No. 0:09-1856-TLW-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden McKither Bodison, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The *pro se* petitioner seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. Petitioner filed his habeas petition on July 13, 2009. (Doc. # 1). The respondent filed a return and motion for summary judgment on January 6, 2010. (Docs. # 21 and # 20, respectively). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order filed January 7, 2010 that he had thirty-four (34) days to file any material in opposition to the motion for summary judgement. (Doc. # 21). Petitioner filed his response to the respondent's motion for summary judgment on March 26, 2010. (Doc. # 27).

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Paige J. Gossett, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In her Report, Magistrate Judge Gossett recommends that the respondent's motion for summary judgment be granted, as the Report determines that Petitioner's Petition was not timely filed and is therefore barred by § 2244(d). (Doc. # 28). Petitioner has filed objections to the Report. (Doc. # 31).

1

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The Court accepts the Report.

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 28), petitioner's objections are **OVERRULED** (Doc. # 31); and as the Court agrees with the Report's determination that Petitioner's Petition is not timely filed and is therefore barred by § 2244(d), the respondent's motion for summary judgment is **GRANTED** and this petition is **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
July 1, 2010        **TERRY L. WOOTEN**
Florence, SC        **UNITED STATES DISTRICT JUDGE**